1  MORGAN, LEWIS & BOCKIUS LLP
   Richard W. Esterkin
2  richard.esterkin@morganlewis.com
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel:   +1.213.612.2500
   Fax:  +1.213.612.2501
5
6  Attorneys for Appellant
7

8           UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

| | |
|---|---|
| 11  AMAZON LOGISTICS, INC., | Case No. 2:20-cv-03230-AB |
| 12            Appellant, | Bankr. Court Case No. 2:19-bk-14989 |
| 13       v. | **AMAZON LOGISTICS, INC.'S UNOPPOSED APPLICATION TO FILE DOCUMENTS UNDER SEAL** |
| 14  SCOOBEEZ, | |
| 15            Appellee. | |
| 16 | Judge: Honorable Andrè Birotte Jr. |
| 17 | |

18  **TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF**
19  **RECORD:**
20       **PLEASE TAKE NOTICE** that pursuant to Local Rule 79-5, Appellant
21  Amazon Logistics, Inc. ("**Amazon**") hereby submits this Unopposed Application
22  for Leave to File Under Seal ("**Application**") certain portions of the excerpts of the
23  record being filed with Amazon's Opening Brief.  All of these portions of the
24  record were previously filed under seal in the Bankruptcy Court proceeding.  The
25  other parties to this appeal, Scoobeez and Hillair Capital Management, LLC
26  ("**Hillair**"), do not oppose this Application.  This request is based on this
27  Application as well as the concurrently filed Declaration of Richard W. Esterkin.
28  ///

## I. DESCRIPTION OF DOCUMENTS TO BE SEALED

1. Exhibit 77 to Appellant's Excerpts of the Record: Hillair Capital Management's Supplemental Opposition to Amazon's Motion for an Order: (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtors' Services, and (B) Modifying the Automatic Stay ("Hillair's Supplemental Opposition"), which was filed under seal in the bankruptcy proceeding at Bankr. ECF No. 620.[1]

2. Exhibit 82 to Appellant's Excerpts of the Record: Debtors' Supplemental Brief (A) In Further Support of the Debtors' Emergency Motion for Preliminary Injunction to Prevent Violation of the Automatic Stay, and (B) In Opposition to Amazon Logistics Inc.'s Motion Modifying the Automatic Stay; Declaration of George Voskanian ("Debtors' Supplemental Brief"), which was filed under seal in the bankruptcy proceeding at Bankr. ECF No. 630.[2]

3. Exhibit 83 to Appellant's Excerpts of the Record: Declaration of Shane J. Moses In Support of Debtors' Supplemental Brief (A) In Further Support of the Debtors' Emergency Motion for Preliminary Injunction to Prevent Violation of the Automatic Stay, and (B) In Opposition to Amazon Logistics Inc.'s Motion

---

[1] Hillair originally filed its Supplemental Opposition to Amazon's Motion for an Order: (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtors' Services, and (B) Modifying the Automatic Stay on February 19, 2020 at Bankr. ECF No. 609. On March 6, 2020, Hillair filed a Notice of Emergency Motion and Emergency Motion to File An Amended Supplemental Opposition and Exhibits, and to Restrict Access to the Previously Filed Documents. See Bankr. ECF No. 657. Hillair sought to file an amended redacted version of its supplemental brief and Exhibits D and F to the Declaration of Jennifer Nassiri. See id. The Court later granted Hillair's request and restricted access to Bankr. ECF No. 609. See Bankr. ECF No. 675. Because access to Bankr. ECF No. 609 is now restricted, a copy is not included in Amazon's Excerpts of the Record. On March 10, 2020, Hillair proceeded to file an amended redacted copy of its supplemental opposition, a copy of which is attached to this Application as the proposed redacted version of Exhibit 77. See Bankr. ECF No. 679. Because Hillair's filing includes highlighted text (in yellow), Appellant highlighted its proposed redactions in the unredacted version of the document in orange, for the court's convenience. In addition, the unredacted copy attached to this Application is the copy Hillair shared with Amazon at the time of Hillair's original filing.

[2] On February 19, 2020, Scoobeez filed a redacted version of Debtors' Supplemental Brief, a copy of which is attached to this Application as the proposed redacted version of Exhibit 82. See Bankr. ECF No. 613.

Modifying the Automatic Stay ("Debtors' Declaration"), which was filed under seal in the bankruptcy proceeding at Bankr. ECF No. 631.[3]

**4.**     Exhibit 93 to Appellant's Excerpts of the Record:  Amazon Logistics, Inc.'s Supplemental Brief In Support of Its Motion for an Order: (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtor's Services, and (B) Modifying the Automatic Stay; and Declaration of James Wilson In Support Thereof ("Amazon's Supplemental Brief"), which was filed under seal in the bankruptcy proceeding at Bankr. ECF No. 685.[4]

**5.**     Exhibit 94 to Appellant's Excerpts of the Record:  Appendix of Exhibits in Support of Amazon Logistics, Inc.'s Supplemental Brief in Support of its Motion for an Order: (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtor's Services, and (B) Modifying the Automatic Stay; and Declaration of James Wilson In Support Thereof ("Appendix to Amazon's Supplemental Brief"), which was filed under seal in the bankruptcy proceeding at Bankr. ECF No. 686.[5]

Amazon submits the documents listed above for filing under seal because the parties previously submitted the filings under seal pursuant to the Bankruptcy Court's orders.[6]  These documents merit being sealed from the public's view because they contain sensitive commercial information. *See* Declaration of Richard

---

[3] On February 19, 2020, Scoobeez filed a redacted version of Debtors' Declaration, a copy of which is attached to this Application as the proposed redacted version of Exhibit 83. *See* Bankr. ECF No. 615.

[4] On February 19, 2020, Amazon filed a redacted version of its Supplemental Brief as part of its Motion to Seal, a copy of which is attached to this Application as the proposed redacted version of Exhibit 93. *See* Bankr. ECF No. 605.

[5] On February 19, 2020, Amazon filed a redacted version of its Appendix to Amazon's Supplemental Brief as part of its Motion to Seal, a copy of which is attached to this Application as the proposed redacted version of Exhibit 94. *See* Bankr. ECF No. 605.

[6] The bankruptcy court previously authorized the filing under seal of the documents attached to Appellant's Excerpts of the Record at Exhibits 77, 82, 83, 93 and 94. *See* Bankr. ECF Nos. 608, 624 and 625.

W. Esterkin in Support of Appellant's Application for Leave to File Under Seal ("Esterkin Decl.") filed concurrently with this Application, ¶ 8.

## II. STANDARD FOR SEALING DOCUMENTS

A party seeking to designate documents or portions of documents attached as exhibits to case-dispositive motions as confidential and sealed from public disclosure must meet the "compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party meets the "compelling reasons" standard by articulating compelling reasons supported by "specific factual findings." *Id.* "'[C]ompelling' reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to … release trade secrets." *Id.; Velasco v. Chrysler Grp. LLC*, No. 13-08080, 2017 WL 445241, at *3 (C.D. Cal. Jan. 30, 2017), *aff'd*, No. 17-55269, 2018 WL 4018162 (9th Cir. Aug. 23, 2018) (citation omitted). "A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Velasco*, 2017 WL 445241, at *3 (citations omitted). Courts have recognized that "business information that might harm a litigant's competitive standing" may not be subject to public inspection. *See id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## III. THE EXHIBITS SHOULD BE SEALED BECAUSE THEY CONTAIN SENSITIVE AND CONFIDENTIAL BUSINESS INFORMATION.

### 1. Exhibit 77: Hillair's Supplemental Opposition

Amazon seeks to file Exhibit 77, Hillair's Supplemental Opposition, under seal because portions of Hillair's Supplemental Opposition reference or otherwise reveal the parties' confidential information included in the attached exhibits further described below.

///

Amazon seeks to file under seal portions of Exhibits D, F and I to Hillair's Supplemental Opposition. Exhibit D, excerpts of testimony from the deposition of James Wilson, contains a discussion of the structure of Amazon's deliver service provider ("**DSP**") network, including a discussion of the agreements and rate structures Amazon enters into with DSPs. The deposition excerpts also include confidential information related to Amazon's future business decisions as it relates to its DSP program. Disclosure of this information to the public could interfere with Amazon's current relationship with other DSPs and provide competitors with sensitive information related to the structure of Amazon's DSP network. Exhibit F, excerpts of testimony from the deposition of Carey Richardson, contains sensitive information related to DSPs' compliance with their contractual and legal obligations. Public disclosure of this information could harm Amazon's ongoing internal review of potential compliance issues related to the DSPs in its network as well as interfere with the privacy rights of its DSPs. Exhibit I, a compilation of Scoobeez's scorecards, should be filed under seal because it contains confidential information concerning how Amazon evaluates its DSPs' performance, compliance and safety, reliability and the quality of the services that a DSP renders to Amazon. Disclosure of the metrics associated with the scorecards could provide an advantage to Amazon's competitors, as well as skew how Amazon's existing DSPs perform their services.

Amazon also seeks to file under seal Exhibit L and Exhibit M to Hillair's Supplemental Opposition. Exhibit L contains internal confidential and privileged documents and communications that resulted from a review of Amazon's DSP network. More importantly, the communications discuss Amazon's decision to terminate its relationship with a number of DSPs. Therefore, production of this document to the public would harm Amazon's business relationship with these DSPs. Lastly, Exhibit M contains compliance information related to DSPs other than Scoobeez. Because this information relates to other DSPs in Amazon's

network, it should be sealed from public disclosure in order to protect those DSPs' privacy rights, as well as preserving the confidentiality of the manner in which Amazon evaluates its DSPs.

In addition, Amazon seeks to file under seal Exhibits G, J and K to Hillair's Supplemental Opposition, which are Scoobeez and Hillair-produced documents that, along with Hillair's Supplemental Opposition and the aforementioned exhibits, were previously permitted to be filed under seal in the bankruptcy case. *See* Bankr. ECF No. 608.

### 2. Exhibit 82: Debtor's Supplemental Brief

Amazon seeks to file Exhibit 82, Debtors' Supplemental Brief, under seal because portions of Debtors' Supplemental Brief and associated exhibits paraphrase or otherwise reveal Amazon's confidential information. Specifically, Debtors' Supplemental Brief paraphrases deposition testimony from James Wilson and Micah McCabe discussing the structure of Amazon's DSP network, including the performance of DSPs other than Scoobeez. The deposition testimony also includes confidential information related to Amazon's future business decisions as it relates to its DSP program. Disclosure of this information to the public could interfere with Amazon's current relationship with other DSPs.

Amazon also seeks to file under seal portions of Exhibit C to Debtor's Supplemental Brief. Exhibit C contains copies of Scoobeez's scorecards for week six of 2020. The scorecards contain confidential information concerning how Amazon evaluates its DSPs' performance, compliance and safety, reliability and the quality of the services rendered by Amazon's DSPs. Disclosure of the metrics associated with the scorecards could provide a competitive advantage to Amazon's competitors and thus should be sealed from the public's view. Further, Scoobeez previously filed a motion to file these portions of the aforementioned documents under seal with the Bankruptcy Court, which the court granted. *See* Bankr. ECF

Nos. 616 and 624. Therefore, this Court should enter an order authorizing Amazon to file Exhibit 82 to Amazon's Brief under seal.

### 3. Exhibit 83: Debtors' Declaration

Amazon seeks to file Exhibit 83, Debtors' Declaration, under seal because it contains confidential deposition testimony discussing Amazon's DSP network. Amazon specifically seeks to file under seal portions of Exhibit 1, Exhibit 2 and Exhibit 5 to the Debtors' Declaration. Exhibit 1, excerpts of testimony from the deposition of James Wilson, contains a discussion of confidential information about the strategy behind Amazon's decision-making process as it relates to its DSP network as well as Amazon's plans as it relates to business growth. Exhibit 2, excerpts of testimony from the deposition of Micah McCabe, also contains a discussion of confidential information about the strategy behind Amazon's decision-making process as it relates to its DSP network, particularly with regards to the individuals involved in that process. Exhibit 5, excerpts of testimony from the deposition of Vadim Kozin, includes a line of questioning related to Amazon's internal processes as it relates to DSPs. Public disclosure of the aforementioned excerpts could harm Amazon's current relationship with other DSPs as well as provide a competitive advantage to Amazon's competitors. Further, Scoobeez previously filed a motion to file these portions of the aforementioned documents under seal with the Bankruptcy Court, which the Bankruptcy Court granted. *See* Bankr. ECF Nos. 616 and 624. For these reasons, the Court should enter an order authorizing Amazon to file Exhibit 83 to Amazon's Brief under seal.

### 4. Exhibit 93: Amazon's Supplemental Brief

Amazon seeks to file Exhibit 93, its Supplemental Brief, under seal because the Supplemental Brief contains portions of documents and deposition testimony that Amazon and Hillair designated as "Confidential" or "Attorneys Eyes Only" under the parties' Protective Order, as filed in the bankruptcy case. Specifically, Amazon's Supplemental Brief includes direct quotations to documents Hillair

designated as "Confidential," pursuant to the Protective Order entered in the Bankruptcy Court proceedings, as well as deposition testimony of an Amazon witness discussing Amazon's internal compliance measures to evaluate risk associated with DSPs in its network. Disclosure of this information to the public could interfere with Amazon's current internal review of other DSPs in its network. In order to minimize the harm to Amazon from release of this information, the Court should enter an order authorizing Amazon to file Exhibit 93, its Supplemental Brief, under seal.

Exhibit 93 also includes Exhibits A and B to the Wilson Supplemental Brief Declaration. Exhibit A to the Wilson Supplemental Brief Declaration contains business sensitive information related to Amazon's internal review of the health of its DSP network. Specifically, Exhibit A to the Wilson Supplemental Brief Declaration outlines Amazon employee recommendations to Amazon in order to improve its DSP network. Disclosure of the information contained in this exhibit would damage not only Amazon's relationship with its current DSPs, who may have been included in the review process, but it would also provide competitors with sensitive information related to Amazon's evaluation of its DSP network. In a similar vein, Exhibit B to the Wilson Supplemental Brief Declaration contains internal confidential and privileged communications that resulted from the review undertaken in Exhibit A to the Wilson Supplemental Brief Declaration. More importantly, the communications discuss Amazon's decision to terminate its relationship with certain DSPs. Therefore, production of this document to the public would harm Amazon's business relationship with these DSPs and thus, could provide an advantage to its competitors.

**5. Exhibit 94: Appendix of Exhibits in Support of Amazon's Supplemental Brief.**

Amazon seeks to file Exhibit 94, portions of the Appendix to Amazon's Supplemental Brief, under seal. Amazon specifically seeks to file under seal

portions of Exhibit 8 and Exhibit 14 to the Appendix. Exhibit 8, excerpts of testimony from the deposition of Carey Richardson, contains sensitive information related to the compliance of other DSPs in Amazon's network. Public disclosure of this information could harm Amazon's ongoing internal review of potential compliance issues related to other DSPs in its network. Exhibit 14, excerpts of testimony from the deposition of James Wilson, contains a discussion related to the rate structure included in Amazon contracts. Information related to the rates that Amazon provides to its contracted DSPs constitutes commercial information that should be protected from disclosure. The excerpts also contain confidential information about the strategy behind Amazon's decision-making process as it relates to its DSP network. For these reasons, the Court should enter an order authorizing Amazon to file Exhibit 8 and Exhibit 14 to the Appendix of Exhibits under seal.

Amazon also seeks to file Exhibits 2, 5, 6, 10 and 11 to the Appendix under seal because the Hillair-produced documents included in the exhibits, along with Exhibits 8 and 14, were previously permitted to be filed under seal in the Bankruptcy Court. *See* Bankr. ECF Nos. 608 and 625. Therefore, this Court should enter an order authorizing Amazon to file Exhibit 94 under seal.

## IV. CONCLUSION

For the foregoing reasons, Appellant Amazon Logistics, Inc. respectfully requests that this Court grant its Application for Leave to File Under Seal Exhibits 77, 82, 83, 93 and 94 of its Excerpts of the Record.

Dated: July 1, 2020

MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin

By */s/ Richard W. Esterkin*
Richard W. Esterkin
Attorneys for Appellant

# **PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596.

On July 1, 2020, I served true and correct copies of the following documents:

### **AMAZON LOGISTICS, INC.'S UNOPPOSED APPLICATION TO FILE DOCUMENTS UNDER SEAL**

[x] [ELECTRONIC TRANSMISSION] by electronically transmitting the above-referenced documents to the Clerk's Office using the CM/ECF System of the United States District Court, Central District of California for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

Ashley Marie McDow and John Simon on behalf of Appellee, Scoobeez, Inc.
amcdow@*foley*.com; jsimon@foley.com

Sean A O'Keefe on behalf of Appellee, Scoobeez, Inc.
sokeefe@okeefelc.com

Shane J Moses on behalf of Appellee, Scoobeez, Inc.
smoses@foley.com

Dare Law on behalf of the United States Trustee
dare.kaw@usdoj.gov

[x] [BY ELECTRONIC MAIL] by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

David Neale and John-Patrick M. Fritz on behalf of the Official Committee of Unsecured Creditors
DLN@lnbyb.com; JPF@lnbyb.com

Jennifer L. Nassiri and Crystal Nix-Hines on behalf of Hillair Capital Management, LLC
jennifernassiri@quinnemanuel.com; crystalnixhines@quinnemanuel.com

Executed on July 1, 2020, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Ellen Woodward
_____
Ellen Woodward